[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 12, 1983 in Oxford, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Shirley Ann Spear, born March 30, 1985; and Emily A. Spear, born December 4, 1992.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decision reflected in the orders that follow.
The parties have been married for approximately 14 1/2 years. This is the second marriage for both parties. There is one child issue of this marriage: Emily A. Spear, born December 4, 1992. The defendant adopted the plaintiff's child from a previous marriage and that child is over the age of 18 years. The parties adopted a foster child: Shirley Ann Spear, born March 30, 1985. The Connecticut Department of Children and Families contributes the CT Page 2919 sum of $136.72 per week toward the support of Shirley.
The plaintiff has been gainfully employed throughout the marriage. She is presently employed full time by the Town of Oxford earning approximately $26,790.00 gross per year.
The defendant husband has a severe alcohol problem. He is a self employed heating technician licensed by the state. He has been self employed for the past 14 years. His present billing rate is $48 per hour plus parts. He apparently has built up a good customer base in the Valley area. The tax returns for the years 1994, 1995 and 1996 indicate gross sales/receipts from $53,990 to $58,881. His net profit for the past two years is reported as approximately $12,600 plus depreciation. His total business expenses average in the $20,000 range.
The parties purchased their marital home in 1983. The plaintiff contributed $15,000 and the defendant-contributed $10,000. The plaintiff claimed the home has a value of $100,000 while the defendant claims $130,000. There was no real estate appraisal. The present first and second mortgage total approximately $63,223. The wife claims the house is in need of maintenance work and repairs.
The defendant cashed in a life insurance policy in the amount of $9500. The plaintiff testified she received none of these funds. The defendant claimed the wife had $4,000 for household expenses and he took $5,500 when he vacated the home. There was no documentary evidence concerning this transaction.
The plaintiff wife kept all the books and records for the defendant's business and did all his bookkeeping. The plaintiff wife carried the family medical insurance through her employment.
The parties separated in December 1996. The defendant did not contribute any support to his family until May 1997. In January or February 1997, he spent at least one month in inpatient treatment at Eagle Hill and Elmcrest. He is presently in outpatient therapy at Wooster House. The defendant is having difficulty with his recovery and with his drinking.
Both parties lived off their credit cards. The defendant never made large sums of money. The parties' total income for 1994 was $28,701; $35,859 in 1995 and $38,140 in 1996. The plaintiff earned more money than the defendant according to the CT Page 2920 tax returns.
The plaintiff claimed the defendant was physically and verbally abusive to her. She claims his drinking escalated over the years leading to a breakdown of the marriage. The defendant claims the plaintiff became involved with his best friend.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship although certainly the defendant's alcohol abuse was a major factor in the breakdown of the marriage.
REAL ESTATE
1. The plaintiff shall remain the sole owner of the family home located at 10 Sioux Drive, Oxford, Connecticut, and the defendant shall have no claim thereto. The plaintiff shall be responsible for the mortgage and taxes on said property, as well as the home equity credit line, and she shall indemnify and hold the defendant harmless therefrom.
2. The plaintiff shall execute a mortgage deed and note to the defendant in the amount of $15,000 with no interest, payable to the defendant upon the sale of the marital home or when the youngest child reaches the age of 18 years, whichever event shall first occur. The defendant's mortgage shall be subordinated to any refinancing undertaken by the plaintiff.
3. This award is based on a fair market value of $115,000 for the real estate. The court also considered that the defendant obtained $9500 from the cashing in of his life insurance policy.
4. The lis pendens shall be removed herewith from the real estate.
CUSTODY AND VISITATION
1. There shall be joint custody of the minor children with physical residence to the plaintiff.
2. The defendant shall have reasonable, liberal and flexible visitation with the minor children.
3. The defendant shall be sober while he has the children CT Page 2921 and shall not drink any alcohol while he has the children for visitation.
CHILD SUPPORT
1. The minor child, Shirley Spear, receives payments from DCF as part of the adoption agreement. The court, therefore, does not enter an order of support at this time.
2. The defendant's 1995 and 1996 income tax return indicate a net profit from business in the amount of $12,793 for 1995 and $12,563 for 1996. The plaintiff testified her husband never made large amounts of money. When the weather and winters are severe, his business is good. The winters of 1996 and 1997 have been mild.
The plaintiff has a day care expense of $135 per week. The defendant has been paying $75 per week on a voluntary basis.
3. With respect to the minor child Emily, the defendant shall pay to the plaintiff the sum of $90 per week as child support until the minor child reaches the age of 19 years or completes high school, dies or becomes emancipated.
MEDICAL INSURANCE
1. The plaintiff shall continue to maintain the medical insurance coverage for the benefit of the minor children as is available at reasonable cost through her employment. Unreimbursed medical expenses shall be equally divided between the parties.
2. This provision shall be modifiable.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony the sum of $1 per year until the death of the plaintiff, her remarriage or cohabitation as defined by statute, death of the defendant or five years from date.
DEBTS
1. The defendant shall be responsible for one-half of the Master Card Chevy Chase Bank in the amount as indicated on his financial affidavit. The plaintiff shall be responsible for the other half as indicated on her financial affidavit. CT Page 2922
2. The defendant has agreed to be responsible for the People's Bank Visa bill and it is so ordered.
3. The defendant has agreed to be responsible for the Sears bill and it is so ordered.
4. The plaintiff shall be responsible for the Filene's bill, Costco/Price Club and the home equity credit line.
LIFE INSURANCE
1. The defendant shall make reasonable efforts to obtain a life insurance policy in the amount of $50,000 naming the plaintiff and the minor children as beneficiaries thereon for so long as he has an alimony and/or child support obligation. The defendant testified such a policy would cost $200 per year.
2. This provision shall be modifiable.
PERSONAL PROPERTY
1. The defendant shall be entitled to his boat and trailer, the camper, the 1993 Chevrolet motor vehicle and the 1994 GMC Jimmy motor vehicle.
2. The plaintiff shall be entitled to the 1986 Plymouth van, the generator and the computer.
MISCELLANEOUS
The defendant shall be entitled to retain the use of the phone number used for his business and he shall be responsible for its costs.
TAX EXEMPTIONS
The plaintiff shall be entitled to claim the minor children as dependents for federal and state income tax purposes. This provision shall be modifiable.
Coppeto, J. CT Page 2923